$250.00 CRW

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS WISE<br>FLORINE WISE H/W<br>*Plaintiff,* | CIVIL ACTION NO. 05cv4044 |
| v. | |
| MORTGAGE LENDERS NETWORK USA, INC.<br>SAVINGS MORTGAGE, INC.<br>JOHN DOE TRUST<br>JOHN DOE TRUSTEE *and*<br>JOHN DOES #'S 1-100<br>*Defendants.* | JURY TRIAL DEMANDED<br>FILED<br>JUL 28 2005<br>MIC... ...erk<br>By ___ Dep. Clerk |

**COMPLAINT AND JURY DEMAND**

**COME NOW** Plaintiffs, THOMAS AND FLORINE WISE, by and through their undersigned counsel, MILDENBERG AND STALBAUM, P.C., complaining of Defendants, and respectfully aver as follows:

## I. PARTIES

1. Plaintiff, Thomas Wise, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 330 West Maple Street, Ambler, PA 19002, the property which is the subject of the predatory mortgages complained of herein.

2. Plaintiff, Florine Wise, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 330 West Maple Street, Ambler, PA 19002, the property which is the subject of the predatory mortgages complained of herein.

3. Defendant, Mortgage Lenders Network USA, Inc. ("MLN"), at all times relevant hereto, is and was a corporation duly organized and existing under and by virtue of the Laws of



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

the State of Delaware, with its principal place of business in Middletown, Connecticut, and a regional wholesale office in the Commonwealth of Pennsylvania, located at 132 Welsh Road, Suite 110 in Horsham, PA 19044.

4. At all times relevant hereto, MLN is and was engaged in the business of both sub-prime and Alt-A/nonconforming mortgage lending and servicing.

5. Defendant, Savings Mortgage, Inc. ("Savings Mortgage"), at all times relevant hereto, is and was a mortgage broker and a corporation duly organized and existing under and by virtue of the Laws of the State of Delaware, and regularly conducting business within the Commonwealth of Pennsylvania located at 100 Pine Street, Suite 325, Harrisburg, PA 17101.

6. At all times relevant hereto, Savings Mortgage is and was engaged in the business of brokering loans in the sub-prime mortgage lending industry.

7. Defendant John Doe Trust ("Doe Trust") is, upon information and belief, a trust created pursuant to a certain Pooling and Servicing Agreement ("PSA") the date of inception of which Plaintiffs, after reasonable investigation, are unable to ascertain. The term, "John Doe Trust" is a moniker for the actual name of the trust, which Plaintiffs have been unable to ascertain. Plaintiffs reserve the right to substitute the actual name of the trust for said moniker after discovery of same in the course of this litigation. Plaintiffs believe and therefore aver that the Doe Trust is the current Holder, beneficial owner, or assignee of the mortgage originated by MLN. The Doe Trust is a securitization pool of loans, including one of Plaintiffs' loans, that is securitized and certain shares or certificates of which are sold or traded or offered as "asset-backed securities" on the national and international securities markets.

8. Defendant, John Doe Trustee ("Doe Trustee"), is a moniker used herein for the actual name of the trustee of the aforesaid Doe Trust, which Plaintiffs have been unable to



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

ascertain. Plaintiffs reserve the right to substitute the actual name of the trustee for said moniker after discovery of same in the course of this litigation.

9. Defendant, John Does #'s 1-100, is a moniker used herein for various individuals and entities that are or may be liable to Plaintiffs for the acts alleged herein, but whose names and/or identities and/or whereabouts Plaintiffs, after reasonable inquiry, have been unable to ascertain. Plaintiffs hereby reserve their right to substitute the true names and locations of these parties should they discover same in the course of this litigation. Plaintiffs further incorporate each of these parties as Defendants in each and every count listed below.

10. At all times relevant hereto, Defendants were agents and/or apparent agents of one another and/or each other and/or that each of the said entities is managed, structured, and/or operated, such that each of the said entities is liable for the acts of each of the other entities and/or all of the other said other entities for the actions complained of by Plaintiffs herein.

11. At all times relevant hereto, each of the aforesaid Defendants acted by and through their agents, officers, directors, servants, and employees, who were acting within the authorized scope and course of their employment and/or agency, under the direct control and at the direction of said Defendants.

## II. JURISDICTION AND VENUE

12. Jurisdiction over this matter is conferred upon this court by the Truth in Lending Act, 15 U.S.C. §1601 *et seq.* ("TILA"), 15 U.S.C. § 1639(a) ("HOEPA"), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2501 *et seq.* ("RESPA"), the Equal Credit Opportunity Act, 15 USC § 1691e ("ECOA"), 28 U.S.C. §§ 1331 and 1337, the Pennsylvania Fair Credit Extension Uniformity Act 73, Pa.C.S. § 2270.1 *et seq.* ("FCEUA"), the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.* ("UTPCPL"), and under



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

common law theories including breach of contract, breach of fiduciary duty, and fraud for failure of Savings Mortgage, MLN, and their agents and/or assignees to fully and accurately disclose all material terms of Plaintiffs' mortgage loan, for failing to properly notify them of their right to rescind their loan as provided by TILA, and for MLN's failure to properly service Plaintiffs' mortgage loan. Supplemental jurisdiction is conferred over Plaintiffs' state law claims by 28 U.S.C. § 1367(a).

13. Venue lies in this judicial district because the events which give rise to this claim occurred here and the property which is the subject of this action is situated in this district.

## III. CAUSE OF ACTION

14. In or around September of 2000, Plaintiffs sought to consolidate/refinance their existing debt into a new mortgage loan.

15. On September 25, 2000, Plaintiffs executed a Note and Mortgage through Option One Mortgage Corporation ("Mortgage 1") at a variable interest rate, starting at 11.15%.

16. The principal due on Mortgage 1 was $80,000.

17. The closing documents for Mortgage 1 also contained information regarding a possible prepayment penalty of six (6) months' interest if Plaintiffs' paid more than a certain percentage of the principal within twenty-four (24) months of the closing date.

18. In or around August 2001, Plaintiffs' payments on Mortgage 1 were $774 per month.

19. In or around August 2001, Plaintiffs encountered a man believed to be named Oliver Chamberlain.

20. Plaintiffs believe and aver that they informed Oliver Chamberlain that they needed money for extensive home repairs.



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

21. Plaintiffs believe and aver that Oliver Chamberlain informed them that he could assist them in refinancing their mortgage in order to obtain funds for home repairs.

22. As a result of Oliver Chamberlain's "assistance," in or around August 2001, Plaintiffs and Defendant, Savings Mortgage, had certain dealings wherein Savings Mortgage promised to obtain a new mortgage loan for Plaintiffs that would carry a "low" rate of interest and a "single" monthly payment and a "low" monthly payment.

23. Upon information and belief, Oliver Chamberlain is the "Oliver" listed as the interviewing agent employed by Defendant, Savings Mortgage, on the Statement of Assets and Liabilities.

24. Defendant, Savings Mortgage, represented to Plaintiffs that it was available to help Plaintiffs pay for home repairs by consolidating their debts into a single mortgage with one low monthly payment and one low rate of interest.

25. In or around August 2001, as a result of the said representations of Savings Mortgage that consolidating their debts and obtaining a mortgage through its company would be advantageous and result in low monthly payments, Plaintiffs hired Savings Mortgage to be their mortgage broker to find them a thirty-year conventional mortgage loan with a fixed rate of interest and a large cash disbursement for the purpose of home repairs.

26. At all times relevant hereto, Savings Mortgage promised to Plaintiffs that it would use its expertise and best efforts to find Plaintiffs the best loan available to them, and to act in their best interests at all times.

27. By virtue of the aforesaid promises, and by virtue of the relationship of mortgage broker and client, Savings Mortgage, at all times relevant hereto, owed a fiduciary obligation to Plaintiffs to act only in Plaintiffs' best interests.



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

28. Upon information and belief, Savings Mortgage obtained the interest of Defendant MLN in making a mortgage loan to Plaintiff, and advised Plaintiffs that applying for a loan with MLN was in their best interests.

29. Neither Defendant Savings Mortgage nor Defendant MLN informed Plaintiffs of the prepayment penalty that would increase the payoff figure for Mortgage 1, payable to Option One Mortgage Corporation, thereby increasing their indebtedness.

30. Plaintiffs believe and aver that two men came to their home, at least one of them representing that he was acting on behalf of Savings Mortgage, to inspect the premises and discuss the necessary repairs.

31. Plaintiffs further believe and aver that the two men discussed with Plaintiffs the home repairs which Plaintiffs were seeking, including a new roof, replacement of ceilings, and extensive floor repair.

32. At all times relevant hereto, Plaintiffs represented that the only reason they were seeking a loan was for the purposes of home repairs.

33. Additionally, Plaintiffs applied for a loan with a low interest rate but approximately the same monthly payments as their current mortgage, with enough cash disbursed to make the necessary and extensive repairs.

34. MLN hired an appraiser who valued the house at $108,000.00.

35. On or about August 21, 2001, a mortgage loan closing was held wherein Plaintiffs were asked by Savings Mortgage and MLN's agents to sign various forms and documents in reliance upon the representations of Savings Mortgage and MLN that the loan was beneficial to Plaintiff. Among the documents, Plaintiffs executed a Note and Mortgage prepared by MLN ("Mortgage 2") for approximately $97,200.00 at a variable percentage rate starting at 8.9%.



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

36. Instead of giving Plaintiffs a conventional mortgage with low monthly payments, a low, fixed interest rate, and a large cash disbursement as requested and promised, MLN issued Plaintiffs a loan in the principal amount of $97,200.00 at a variable percentage rate starting at 8.9% for thirty (30) years, with monthly payments starting at $775.11, and with no cash disbursed to Plaintiffs.

37. Instead of a low, fixed interest rate, MLN gave Plaintiffs a loan in which the percentage rate and payments may increase every 6 months, with a maximum percentage rate of 14.9%.

38. Plaintiffs' monthly payments on Mortgage 1 were $774.00 per month, and Plaintiffs' monthly payments on Mortgage 2 started at $775.11 but were scheduled to increase to $859.22 on October 1, 2003.

39. Plaintiffs had owed a principal balance of $80,000 on Mortgage 1, and they owed a principal balance of $97,200 on Mortgage 2.

40. Defendants required Plaintiffs to pay off approximately $2,285 in minor debts, listed on the HUD-1, which Plaintiffs did not wish to consolidate but which Defendants required Plaintiffs to consolidate into Mortgage 2.

41. Plaintiffs received no cash from Defendants and were unable to make the necessary repairs to their home.

42. Plaintiffs therefore believe that the loan at issue has no net tangible benefit to them.

43. Plaintiffs believe and aver that they were not provided with any paperwork prior to loan closing except for a "Good Faith Estimate" which drastically underestimated the settlement costs, a Provider of Service Addendum, a RESPA Servicing Disclosure, an Appraisal



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

Disclosure, Borrower's Certificate and Authorization, a Choice of Insurance Notice, Notice of Counseling, and various forms relating to MLN's ability to profit from the sale of Plaintiffs' information, such as Plaintiffs' income, marital status, occupation, assets and liabilities, credit score, credit history, amount due on credit cards and open lines of credit, and employment history.

44. Plaintiffs further believe and aver that the documents that were provided to them prior to settlement and at settlement were highly confusing to them as unsophisticated consumers.

45. Plaintiffs believe and aver that, upon receipt of the settlement documents, Plaintiffs refused to sign at least some of the documents.

46. Plaintiffs believe and aver that they informed Savings Mortgage and MLN that the loan they were being given was not the loan for which they applied, and it was not beneficial to them.

47. Plaintiffs further believe and aver that representatives of Savings Mortgage and/or MLN repeatedly called Plaintiffs until they had convinced them that they could not grant them a loan with a cash payout at that time, but represented that they would refinance the mortgage after two years and disburse sufficient funds for home repairs at that time.

48. Three days after the loan closing, contingent upon the aforesaid representation that they could refinance the loan after two years, Plaintiffs believe and aver that they signed the receipt of the Notice of Right to Cancel, which still had the closing date pre-printed on the form.

49. Additionally, the payment schedule was not consistent with what Plaintiffs requested or were told.



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

50. Plaintiff, Florine Wise, specifically informed Oliver Chamberlain of Savings Mortgage that she needed to make payments on the 15th of every month, and he told her that he would note the change, and she should disregard any document which listed any other date.

51. Upon information and belief, this change was not actually made to Plaintiffs' account, and they were not informed that the change was not made, resulting in six months of late fees Plaintiffs did not know they were accruing.

52. Plaintiffs continued to rely on the promises of Defendant, MLN, that they could refinance after two years and receive the funds necessary for home repairs.

53. After two years, Plaintiffs believe and aver that their house's condition had deteriorated further.

54. Contrary to Defendants' promises at closing, Plaintiffs believe and aver that Defendant MLN refused to refinance the loan and disburse the promised funds necessary for home repairs due to the continued deterioration of Plaintiffs' home.

55. Plaintiffs believe and aver that Defendant MLN instead put their home up for sale with an asking price of $75,000; $33,000 less than the value their appraiser had placed on the property two years before.

56. Plaintiffs believe and aver that they were unable to sell the home for the stated price given the high cost of necessary repairs.

57. Plaintiffs believe and aver that, if a relative and a local non-profit organization had not intervened to repair the roof at the low cost of $4,000, their house would have continued to deteriorate in value due to MLN's failure to issue the funds necessary for home repairs.

58. The HUD-1 settlement sheet for Mortgage 2 reflects, *inter alia,* the following fees charged in connection with MLN's extension of credit:



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

| | |
|---|---|
| Appraisal Fee: | $385.00 |
| Mortgage Broker fee: | $4460.00 |
| Document prep.: | $495.00 |
| Notary Fees: | $20.00 |
| Title Insurance: | $593.10 |
| Interest for 5 Days: | $120.15 |
| Hazard Insurance Premium: | $194.00 |
| End. 100, 300, 710: | $200.00 |
| Closing Service Letter: | $35.00 |
| Recording Fees: | $147.00 |
| Recording Service Fee: | $10.00 |
| 2001 C/T Tax: | $350.00 |
| Partners for Small Business: | $1,000.00 |
| Rel-Dept. of Rev.: | $10.00 |
| School Tax: | $925.00 |
| **TOTAL:** | **$8,944.25** |

59. In addition to the aforesaid fees, the HUD-1 reflects the following payoffs to alleged third parties:

| | |
|---|---|
| Option One: | $85,633.59 |
| TOTAL: | $85,633.59 |

60. Prior to engaging in the said transaction with MLN, Plaintiffs allegedly owed approximately $80,000.00 to Option One Mortgage Corporation, which resulted in an alleged payoff figure of $85,633.59 with the prepayment penalty.

61. The terms of the loan were onerous and unconscionable, in direct juxtaposition to the promises and representations of MLN that the loan would be beneficial to Plaintiffs.

62. In making the loan, MLN misrepresented to Plaintiffs the benefits, qualities, characteristics, risks, and costs of the loan.

63. The loan issued by MLN was harmful to Plaintiff, instead of beneficial.



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

64. To make matters worse for Plaintiffs, the interest rate is high, instead of low, as promised.

65. In fact, the interest rate is approximately the same as it was, but due to the nearly $9,000 in fees charged by Defendants MLN and Savings Mortgage in addition to the prepayment fee on Mortgage 1 which Defendants failed to explain to Plaintiffs, Plaintiffs' secured debt increased by more than $17,000 in less than one year.

66. Instead of maintaining the same payment amounts and disbursing money for badly needed home repairs, MLN increased Plaintiffs' debt and monthly payments.

67. Plaintiffs had requested a thirty-year conventional mortgage in order to make repairs on their home, not to increase their debt and maintain approximately the same payment level without receiving any funds for home repairs.

68. Furthermore, Plaintiffs believe and aver that they did not receive the $2,622.16 listed on the HUD-1 Settlement Statement as "cash to borrower."

69. Plaintiffs believe and therefore aver that MLN decided not to extend Plaintiffs a loan in the amount and in the manner they had requested, but instead to offer them a loan with nearly the same monthly payments and significantly higher fees, with an additional prepayment penalty if they attempted to refinance or otherwise pay off the loan within five years.

70. This prepayment penalty also prevents Plaintiffs from selling their home or refinancing with a different mortgage company in order to make their home repairs, as the five (5) year term does not expire until August 21, 2006.

71. Plaintiffs further believe that Defendants engaged in dealings which were deceptive to Plaintiffs, including, *inter alia,* failing to disburse any funds to Plaintiffs for the necessary home repairs, issuing Plaintiffs a mortgage with a slightly higher monthly payment

than their prior mortgage, increasing Plaintiffs' secured debt through excessive closing costs and the prepayment penalty on Mortgage 1, failing to disburse the $2,622.16 listed as "cash to borrower," and charging inappropriately high settlement costs.

72. Plaintiffs further believe and aver that this fraudulent concealment caused them to obtain a mortgage with a higher interest rate and higher monthly payments than originally promised to them by Defendant, MLN.

73. At all times relevant hereto, Plaintiffs detrimentally relied on the representations of Defendant, MLN regarding the benefits of the loan at issue.

74. Plaintiffs believe and therefore aver that MLN never notified Plaintiffs that it would not extend credit on the terms they requested or the reasons for their refusal to so extend.

75. Plaintiffs believe and therefore aver that MLN made the loan to Plaintiffs without regard to their ability to repay same.

76. Plaintiffs further believe that Defendant, MLN engaged in dealings which were deceptive to Plaintiffs.

77. MLN and Savings Mortgage did not inform Plaintiffs of the terms of the mortgage, and did not fully explain to them that the mortgage was of no financial benefit to them.

78. MLN and Savings Mortgage, on the other hand, incurred substantial financial benefit, by charging Plaintiffs excessive settlement costs, as aforesaid, and paid themselves handsomely for providing this disservice to Plaintiffs.

79. MLN and Savings Mortgage charged unreasonable fees in Plaintiffs' loans, as aforesaid, in excess of the amount customarily charged for such fees, such as a $385 appraisal



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

fee when the customary fee in 2001 was approximately $250-$300. All of the aforesaid fees were financed into the mortgages, increasing Plaintiffs' indebtedness to MLN.

80. Upon information and belief, MLN also serviced the mortgage and is the current holder and/or servicer of Plaintiffs' loan.

81. Plaintiffs also believe and aver that MLN negligently serviced their loan.

82. Plaintiffs believe and aver that MLN repeatedly charged them excessive and unreasonable late fees regardless of whether their payments were late.

83. By way of example, MLN forced placed hazard insurance on Plaintiffs' property without notifying Plaintiffs and giving them an opportunity to obtain alternate and less expensive insurance.

84. Moreover, in or around April 2004, MLN sent Plaintiffs a letter regarding a payment of $1,005.94 that MLN had withdrawn from Plaintiffs' escrow account in September of 2002 to pay for the forced placed insurance.

85. There is no statement in the letter explaining this action, which occurred 19 months earlier without Plaintiffs' consent.

86. In addition, there was an additional charge of $312.87 placed on Plaintiffs' account in 2002 for an inspection.

87. Plaintiffs did not learn of this charge until April of 2004.

88. Plaintiffs sent Defendant MLN a letter of rescission on July 8, 2004, pursuant to the Truth in Lending Act (TILA), 15 U.S.C. §1601 *et seq.*

89. Defendant MLN failed to properly respond under TILA; instead flatly denying any errors or wrongdoing on their part.



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

90. Due to the late fees and charges assessed by MLN on Plaintiffs' mortgage account, MLN unreasonably increased Plaintiffs' indebtedness to MLN and damaged Plaintiffs' credit rating.

91. Defendant MLN is engaged primarily in the extension of "sub-prime" and Alt-A/nonconforming mortgage loans.

92. At all times relevant hereto, Defendant MLN was a predatory lender.

93. Plaintiffs have been damaged by the unlawful conduct and material misrepresentations of the defendants and by the negligence of the defendants.

94. The Defendants' improper conduct was willful and knowing, wanton and in reckless disregard for the rights of Plaintiffs.

95. Plaintiffs believe and aver that all claims alleged herein are filed in a timely manner and/or equitably tolled due to the fraudulent concealment alleged herein.

96. As a direct and proximate result of the actions of Defendants, as aforesaid, Plaintiffs are struggling to pay a mortgage they never wanted or requested and which never benefited them in any way.

97. Each and every violation of law alleged herein is or was apparent on the face of the mortgage and closing documents and any assignee exercising due diligence would have been aware of such violations at or prior to the time of any assignment of Plaintiffs' loan or loans.

## COUNT I
## TILA RESCISSION AND DAMAGES
### PLAINTIFFS V. ALL DEFENDANTS

98. The above paragraphs are hereby incorporated herein by reference.



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

99. At all times relevant hereto, Defendant MLN and/or its assignor in the ordinary course of business extended or arranged for the extension of consumer credit or offered to extend or arrange for the extension of such credit payable by agreement in more than four installments or for which the payment of a finance charge is or may be required.

100. Plaintiffs entered into a consumer credit transaction with MLN and executed notes and mortgages on their residence.

101. The aforesaid loans with MLN were residential mortgage loans subject to Plaintiffs' right of rescission as described by TILA, 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. § 226.23.

102. In said loan transactions, Plaintiffs did not receive all the disclosures required by the Truth-In-Lending Act ("TILA"), 15 U.S.C. §1601 *et seq.* and Regulation Z of the Federal Reserve Board ("Regulation Z"), 12 C.F.R. §226.1 *et seq.* including but not limited to notice pursuant to the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1639(a) ("HOEPA").

103. Defendant MLN failed to deliver all "material" disclosures required by the act and Regulation Z, including, *inter alia*:

a. Failing to properly and accurately disclose the "amount financed," using that term, in violation of Regulation Z § 226.18(b) and 15 U.S.C. § 1638(a)(2)(A);

b. Failing to clearly and accurately disclose the "finance charge" using that term, in violation of Regulation Z § 226.4 and 15 U.S.C. § 1638(a)(3);

c. Failing to clearly and accurately disclose the "annual percentage rate" using that term, in violation of Regulation Z § 226.18(e) and 15 U.S.C. § 1638(a)(4); and,



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

d. Failing to comply with the special disclosure requirements of § 226.32;

e. Failing to timely provide each Plaintiff with two (2) copies of a Notice of his/her Right to Rescind the Transaction pursuant to TILA and/or HOEPA.

f. Requiring the Plaintiffs to sign a Notice of their Right to Rescind the Transaction on a date other than the settlement date.

g. Failing to disburse a check for the amount of $2,622.16 to Plaintiffs, as designated by the HUD-1.

104. Due to the violations of TILA and Regulation Z, Plaintiffs have an ongoing right to rescind the transaction until receipt of all "material" disclosures pursuant to TILA and Regulation Z.

105. On or about July 8, 2004, Plaintiffs sent letters to Defendants rescinding the loan at issue.

106. Said rescission letter was sent to Defendants within three (3) years of the date of the consummation of the mortgage transaction, preserving Plaintiffs' claim for TILA rescission.

107. More than twenty (20) days have passed since Defendants received the said letters, and Defendants have taken no actions to rescind the loan, in contravention of their responsibilities under TILA.

108. Pursuant to TILA, said failure of Defendants to rescind the loan entitles Plaintiffs to damages and rescission of the loan.

***WHEREFORE***, Plaintiffs pray this Honorable Court enter judgment in their favor, and against Defendants, and to Order the following relief pursuant to 15 U.S.C. §§ 1635(a) and 1640(a):



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

a. Rescission of the August 21, 2001, loan transaction, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed by Defendants;

b. Termination of any security interest in Plaintiffs' property created under the transaction;

c. Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

d. Statutory damages of $2000.00 per TILA violation;

e. Forfeiture and return of loan proceeds;

f. Actual damages in an amount to be determined at trial; and

g. An award of reasonable attorneys fees and expenses, and costs of suit; and,

h. Such additional relief as is deemed just and proper, or that the interests of justice may require.

**COUNT II**
**HOME OWNERSHIP AND EQUITY PROTECTION ACT OF 1994 ("HOEPA")**
**PLAINTIFFS V. ALL DEFENDANTS**

109. The above paragraphs are incorporated herein by reference.

110. Upon information and belief, the August 21, 2001, loan transaction with MLN was a high rate mortgage within the meaning of 15 U.S.C. § 1602(aa)(1)(B), in that the total points and fees Defendant charged Plaintiffs in addition to interest exceeded 8 per cent of the total loan amount or in that the APR trigger pursuant to HOEPA was met with respect to the transaction.



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

111. Because the transaction met the statutory definition of a high rate mortgage, it was subject to the additional disclosure requirements imposed by the TILA amendments contained in the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1639(a) ("HOEPA").

112. The aforesaid additional disclosures must be provided three days in advance of the consummation of the transaction pursuant to 15 USC § 1639(b).

113. Defendants did not comply with the requirements of HOEPA and Section 32.

114. Defendants' failure to provide Plaintiffs with an accurate and timely HOEPA disclosure, as required by law, constitutes a "material" disclosure violation pursuant to TILA, 15 USC § 1602(u) (as amended), Regulation Z § 226.23 (as amended).

***WHEREFORE***, Plaintiffs pray this Honorable Court to enter judgment in their favor, and against defendants, and Order the following relief:

a. Rescission of the August 21, 2001, loan transaction, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed by Defendants;
b. Termination of any security interest in Plaintiffs' property created under the transaction;
c. Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with the transaction;
d. Statutory damages of $2000.00 per TILA violation;
e. Forfeiture and return of loan proceeds;
f. Actual damages in an amount to be determined at trial; and
g. An award of reasonable attorneys fees and expenses, and costs of suit; and,



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

h. Such additional relief as is deemed just and proper, or that the interests of justice may require.

## COUNT III
## RESPA VIOLATION 12 U.S.C. § 2601 *et seq.*
## PLAINTIFFS V. SAVINGS MORTGAGE

115. The above paragraphs are incorporated herein by reference.

116. 12 U.S.C. §2607(a) of RESPA states as follows:

> No person shall give and **no person shall accept any fee, kickback or thing of value** pursuant to any agreement or understanding, oral or otherwise, that business incident to or part of a real estate settlement service involving a federally relating mortgage loan shall be referred to any person.

117. Plaintiffs believe and aver that they did not receive any cash from the settlement, however, the HUD-1 indicates that $2,622.16 was disbursed at closing.

118. If the funds were not properly disbursed to Plaintiffs, but were instead given to Savings Mortgage as an additional fee, this is in direct violation of 12 U.S.C. §2607(a) of RESPA.

119. Plaintiffs have been damaged by the unlawful conduct and material misrepresentations of the defendants and by the negligence of the defendants.

120. Defendant Savings Mortgage's improper conduct was willful and knowing, wanton and in reckless disregard to the rights of Plaintiffs.

121. At all times relevant hereto, Defendant was and remains a creditor within the meaning of the 15 U.S.C. § 1601, et seq. and therefore, 12 U.S.C. § 2601 *et seq.* applies and requires the Defendant to comply with its loan servicing provisions.

122. The transactions in this case were "federally related mortgage loans" within the meaning of RESPA.



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

123. By and through the actions as aforesaid, Defendant violated RESPA.

124. As a result of the said violations, Defendant is liable to Plaintiffs for actual damages, statutory damages, attorney's fees and costs and other appropriate relief, pursuant to RESPA.

***WHEREFORE***, Plaintiffs respectfully requests that this court enter judgment in their favor, and against Defendant and Order the following relief:

a. actual damages;

b. statutory damages pursuant to RESPA;

c. attorney's fees and costs of suit;

d. declaratory judgment that Defendant violated RESPA; and

e. such additional and further relief as may be appropriate or that the interests of justice require.

**COUNT IV**
**RESPA VIOLATION 12 U.S.C. § 2601 *et seq.***
**PLAINTIFFS V. MLN**

125. The above paragraphs are incorporated herein by reference.

126. The aforesaid rescission letters constitute a "Qualified Written Request" pursuant to the Real Estate Settlement Procedures Act ("RESPA,"), 12 USC § 2601 *et seq*.

127. Plaintiffs provided their account number in the request to Defendant.

128. Defendant, however, failed to respond in accordance with RESPA.

129. Defendant's response instead contained a denial of any errors and a refusal to rescind Mortgage 2.



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

130. Further, Defendant failed to provide Plaintiffs with an appropriate written explanation or clarification as to why the Defendant believe the account to be accurate as determined by the Defendant.

131. More than 60 (sixty) days have elapsed since Defendants' receipt of Plaintiffs' Qualified Written Request and Defendants failed to take appropriate action with respect to Plaintiffs' inquiry in accordance with 12 U.S.C. § 2605 (e)(2).

132. Plaintiffs have been damaged by the unlawful conduct and material misrepresentations of the defendants and by the negligence of the defendants.

133. The Defendants' improper conduct was willful and knowing, wanton and in reckless disregard to the rights of Plaintiffs.

134. At all times relevant hereto, Defendants were and remain creditors within the meaning of the 15 U.S.C. § 1601, et seq. and therefore, 12 U.S.C. § 2601 *et seq.* applies and requires the Defendants to comply with its loan servicing provisions.

135. The transactions in this case were "federally related mortgage loans" within the meaning of RESPA.

136. By and through the actions as aforesaid, Defendants violated RESPA.

137. As a result of the said violations, Defendants are liable to Plaintiffs for actual damages, statutory damages, attorney's fees and costs and other appropriate relief, pursuant RESPA.

***WHEREFORE***, Plaintiffs respectfully requests that this court enter judgment in their favor, and against Defendants and Order the following relief:

f. actual damages;

g. statutory damages pursuant to RESPA;



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

h. attorney's fees and costs of suit;

i. declaratory judgment that Defendant violated RESPA; and

j. such additional and further relief as may be appropriate or that the interests of justice require.

**COUNT V**
**EQUAL CREDIT OPPORTUNITY ACT**
**PLAINTIFFS V. ALL DEFENDANTS**

138. The above paragraphs are incorporated herein by reference.

139. Plaintiffs made an application for credit and Defendants made a counteroffer to their completed credit application, offering to lend on different terms than those sought by Plaintiffs.

140. Defendants regularly extend, renew, or continue credit, arrange for the extension, renewal or continuation of credit, or participate in the decision of whether or not to extend credit.

141. Defendants failed to notify Plaintiffs of their counteroffer, or their reasons for denying Plaintiffs' credit application, prior to the loan closing, in violation of 15 USC § 1691e.

142. Defendants failed to provide Plaintiffs with written documents in connection with the credit application or its denial.

143. Defendants failed to provide Plaintiffs with the written notification required by §202.9(a)(2) of Regulation B.

144. As a proximate cause of Defendants' violations of the Act and Regulation B, Plaintiffs have suffered actual damages and Defendants are therefore liable therefore, pursuant to §706(a) of the Act, 15 U.S.C. §1691e(a).



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

145. The acts complained of herein were done by Defendants intentionally, purposefully, and/or in reckless disregard of the rights of Plaintiffs.

146. Defendants are liable to Plaintiffs for statutory punitive damages of $10,000.00 pursuant to §706(b) of the Act, 15 U.S.C. §1691e(b).

147. Unless Defendants are ordered to provide Plaintiffs the written notification required by law, they will continue to suffer irreparable injury, which there is no adequate remedy at law.

148. Plaintiffs are entitled to be granted reasonable attorney's fees and costs, pursuant to §706(d) of the Act, 16 U.S.C. §1691e(d).

***WHEREFORE***, Plaintiffs pray this Honorable Court enter judgment in their favor, and against Defendants, and Order the following relief pursuant to 15 U.S.C. § 1691e:

a. Declare the acts and omissions of Defendants to be violative of the Act and Regulation B;
b. Issue an injunction (a) ordering Defendants to provide to Plaintiffs the written notification required by law; and (b) ordering Defendants to establish and maintain appropriate procedures to insure compliance with the Act and Regulation B;
c. Actual damages;
d. Statutory Punitive damages of $10,000.00;
e. Attorneys fees and costs of suit; and,
f. Such additional relief as is deemed just and proper, or that the interests of justice may require.



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

## COUNT VI
## FRAUD
### PLAINTIFFS V. ALL DEFENDANTS

149. The foregoing paragraphs are incorporated herein by reference.

150. Using fraudulent material misrepresentation and/or knowing nondisclosure, MLN induced Plaintiffs to enter into a mortgage loan that unreasonably placed their home at risk of foreclosure.

151. Defendant, MLN intentionally misrepresented and/or omitted a material facts to Plaintiffs, to wit: that the loan was beneficial when it was not; that their fees were usual and customary, when they were not; that they would be able to complete home repairs with the cash disbursement, when no cash was disbursed; that their fees were a part of the finance charge and/or amount financed, when they should have been part of some other figure; that their loans were conventional and fixed when they were a variable rate APR; and that certain amounts were due and owing, when they were not.

152. At all times relevant, Defendant MLN acted knowingly, with fraudulent intent, and/or knowingly obtained the fruits of fraud.

153. The misrepresentations and/or knowing omissions of material facts made by Defendant MLN substantially contributed to Plaintiffs' decision to enter into the mortgage transactions.

154. The aforesaid intentional misrepresentations and/or omissions were made in an attempt to procure pecuniary gain, to wit: a security interest in Plaintiffs' home and monetary consideration form the Plaintiffs or form the proceeds of the Plaintiffs' loans.

155. As the intended result of the aforesaid fraud, Plaintiffs reasonably relied upon the said misrepresentations and/or omissions, to their detriment.



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

156. In the alternative, Plaintiffs reasonably relied upon the absence of material facts which if they had known the material facts they would not have entered into the transaction.

157. As a direct and proximate result of the said fraud, Plaintiffs have sustained damages.

158. By virtue of the aforesaid fraud, Plaintiffs are entitled to compensatory and punitive damages from Defendants.

***WHEREFORE***, Plaintiffs request that the Court enter judgment in their favor and against Defendants and Order Defendants to pay compensatory and punitive damages, and Order such further or additional relief as the interests of justice may require, and will ever pray.

**COUNT VII**
**BREACH OF CONTRACT**
**PLAINTIFFS V. ALL DEFENDANTS**

159. The foregoing paragraphs are incorporated herein by reference.

160. At all times relevant hereto, Plaintiffs and Defendants were parties to a Note and Mortgage Agreement.

161. Pursuant to the contracts, Defendants were under various duties to Plaintiffs.

162. All Defendants had an implied duty to act in good faith in the execution and performance of the mortgage contract.

163. Defendant, MLN failed to obtain the legitimate, meaningful consent of Plaintiffs for the terms of the mortgage contract.

164. The terms of the mortgage contract do not reflect a bargained-for exchange between Plaintiffs and MLN.

165. Furthermore, the Defendant, MLN, charged the Plaintiffs charges that were



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

excessive and/or not bona fide, not reasonable, or not authorized pursuant to the parties' agreement.

166. As a direct and proximate result of the said breach of duties, Plaintiffs have sustained damages.

167. The Defendant, MLN, has failed to service Plaintiffs' loan in good faith by:

a. Unjustified and unreasonable late fees, interest charges, attorney's fees; and

b. Late posting and miscrediting of payments; and

c. Failing to reasonably exhaust loss mitigation options.

168. The Defendants' breach of their duty of good faith was intentional, willful, and/or wanton and reasonably calculated to result in foreclosure on the Plaintiffs' real property.

169. By and through their actions, as aforesaid, Defendants breached the said contractual duties.

170. As a direct and proximate result of the said breach of duties, Plaintiffs has sustained damages.

171. By and through their actions, as aforesaid, Defendants breached the said contractual duties.

172. As a direct and proximate result of the said breach of duties, Plaintiffs have sustained damages.

***WHEREFORE***, Plaintiffs request that the Court enter judgment in their favor and against Defendants and Order Defendants to pay compensatory damages, and Order such further or additional relief as the interests of justice may require, and will ever pray.



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

**COUNT VIII**
**BREACH OF FIDUCIARY DUTY**
**PLAINTIFFS V. SAVINGS MORTGAGE, INC.**

173. The foregoing paragraphs are incorporated herein by reference.

174. Defendant, at all times relevant, had a fiduciary duty with respect to Plaintiffs.

175. By and through its actions, as aforesaid, Defendant breached the said duty.

176. As a direct and proximate result of the said breach of duties, Plaintiffs have sustained damages.

177. The aforesaid breach of duty was intentional, and made in reckless and wanton violation of Plaintiffs' rights.

178. By virtue of the aforesaid breach of fiduciary duty, Plaintiffs are entitled to compensatory and punitive damages from Defendant.

***WHEREFORE***, Plaintiffs request that the Court enter judgment in their favor and against Defendant and Order Defendant to pay compensatory and punitive damages, and Order such further or additional relief as the interests of justice may require, and will ever pray.

**COUNT IX**
**VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT ("FCEUA), 73 Pa.C.S. § 2270.1 *et seq.***
**PLAINTIFFS V. ALL DEFENDANTS**

179. The foregoing paragraphs are incorporated herein by reference.

180. MLN, as servicer for the Doe Trust, sent communications to Plaintiffs in an attempt to collect the mortgage debt, including various notices of alleged delinquency, invoices and statements, Act 6 and Act 91 notices purportedly under Pennsylvania law.

181. The collection of debt in Pennsylvania is regulated by the Fair Credit Extension Uniformity Act at 73 Pa.C.S. §2270.1 *et seq.* and the Unfair Trade Practices and Consumer



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

Protection Law ("UTPCPL"), 73 Pa.C.S. 201-1 *et seq.*

182. Defendants are "debt collectors" or "creditors" pursuant to 73 Pa.C.S. § 2270.3.

183. The alleged debt Defendants were attempting to collect is a "debt" as defined by 73 Pa. C.S. §2270.3.

184. Violation of the FCEUA is a *per se* violation of the UTPCPL.

185. After the failure of Defendants to rescind the loans, Plaintiffs did not owe any further amounts to Defendants.

186. To the extent Plaintiffs did owe any further amounts, the amounts alleged to be due and owing by Defendants were false.

187. The actions of Defendant constitute unfair methods of competition or unfair and deceptive acts and practices within the meaning of the FCEUA and UTPCPL by and through their actions, as aforesaid, and by and through the following actions, *inter alia*:

a. Using unfair and unconscionable collection methods to collect or attempt to collect any debt, 73 P.S. § 2270.4(b)(6)(i);

b. The collection of any amount, including any interest, fee, charge or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 73 P.S. § 2270.4(b)(6)(i);

c. Giving a false impression of the character, amount or legal status of the alleged debt, 73 P.S. § 2270.4(b)(5)(ii);

d. Using false or deceptive collection methods, 73 P.S. § 2270.4(b)(5);

e. Making threats to take action which cannot be legally taken, 73 P.S. § 2270.4(b)(5)(v); and/or



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

f. Otherwise using false, deceptive, misleading, and unfair and unconscionable means to collect or attempt to collect a debt, 73 P.S. § 2270.4(b)(5)(x).

188. Defendants' conduct constitutes violations of, *inter alia,* 73 P.S. §§ 2270.4(b)(5)(ii), (v) and 2270.4(b)(6(i) of the FCEUA by charging the Plaintiffs fees that were excessive and/or not bona fide, not reasonable, or not authorized pursuant to the parties' agreement.

189. The charging and collection of such fees constitutes an "unfair or unconscionable means to collect [a] debt...." under section 2270.4(b)(6)(i) of the FCEUA.

190. Defendants' actions as described above were done with intentional, willful, reckless, wanton, and negligent disregard for Plaintiffs' rights under law and with the purpose of coercing Plaintiffs to pay the alleged debt.

191. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm and ascertainable loss.

192. By virtue of the violations of law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorneys' fees and costs of suit.

***WHEREFORE***, Plaintiffs pray this Honorable Court enter judgment in their favor, and against Defendants, and Order the following relief:

a. An Order declaring that Defendants violated the FCEUA;

b. Actual damages;

c. Treble damages;

d. An award of reasonable attorneys fees and expenses, and costs of suit; and,



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

e. Such additional relief as is deemed just and proper, or that the interests of justice may require.

**COUNT X**
**VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa.C.S. § 201-1 *et seq.***
**PLAINTIFFS V. ALL DEFENDANTS**

193. The foregoing paragraphs are incorporated herein by reference.

194. Plaintiffs and Defendants are "Person[s]" pursuant to 73 Pa.C.S. § 201-2.

195. The UTPCPL proscribes, *inter alia*, engaging in any "unfair or deceptive acts or practices" either at, prior to, or subsequent to a consumer transaction.

196. The actions of Defendants, as aforesaid, constitute unfair or deceptive acts and practices under the UTPCPL, by way of the following, *inter alia:*

a. Defendants misrepresented to Plaintiffs the character, extent, or amount of the debt or its status in a legal proceeding, 73 P.S. § 201-3.1; 37 Pa. Code § 303.3(3);

b. Defendants engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding, 73 P.S. § 201-2(xxi);

c. Defendants imposed credit costs expressly prohibited by Federal and Pennsylvania law, and failed to comply with TILA, HOEPA, RESPA, ECOA, and the FCEUA which are *per se* violations of the UTPCPL;

d. Defendants misrepresented to Plaintiffs that the loan would be beneficial, when in fact it was not and Defendants knew it was not, 73 P.S. §202-1(v); and,

e. Defendants misrepresented the characteristics or benefits of the loan;

f. Defendants claimed that consolidation of minor debts was required for them to issue the loan, when in fact it was not;



MILDENBERG AND STALBAUM, P.C.
1845 WALNUT STREET, 22ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 569-1203

g. Defendants failed to disburse funds according to the HUD-1.

197. As a direct and proximate result of the said actions, Plaintiffs have suffered financial and other harm.

198. By virtue of the violations of law as aforesaid, and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorneys' fees and costs of suit.

***WHEREFORE***, Plaintiffs pray this Honorable Court enter judgment in their favor, and against Defendants, and Order the following relief:

i. An Order declaring that Defendants violated the UTPCPL;

ii. Actual damages;

iii. Treble damages;

iv. An award of reasonable attorneys fees and expenses, and costs of suit; and,

v. Such additional relief as is deemed just and proper, or that the interests of justice may require.

## IV. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**MILDENBERG AND STALBAUM, P.C.**

**Date:** 7/28/05

**By:** [signature]

**BRIAN R. MILDENBERG, ESQUIRE**
**SHERRI J. BRAUNSTEIN, ESQUIRE**
**PA Identification Nos.: 84861 / 90675**
**1845 Walnut Street, 22nd Floor**
**Philadelphia, PA 19103**
**(215) 569-1203**
*Counsel for Plaintiffs*